No. 2933

Second Circuit

ALLISON v. POLICE JURY OF BIEN-
VILLE PARISH, ET AL.

(November 10, 1927.  Opinion and Decree.)
(December 21, 1927.  Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Roads, Bridges and Ferries—Par. 4.**
Where land owner sells right of way for state highway without making reference in contract to the placing of fence on sides of new right of way he cannot recover the cost of such fence because the contract does not contemplate it and Section 27 of Act No. 95 of extra session of 1921 does not require the Highway Commission or Police Jury to place fences on side of right of way.

Appeal from the Second Judicial District Court of Louisiana, Parish of Bienville.  Hon. John S. Richardson, Judge.

There was judgment for plaintiff against the Highway Commission but dismissing plaintiff's demands against the Police Jury.

Both plaintiff and Highway Commission appealed.

Judgment reversed dismissing plaintiff's demand in toto.

Kidd & Wallace, of Arcadia, attorneys for plaintiff, appellant.

W. D. Goff, of Arcadia, district attorney.

W. M. Barrow, of Baton Rouge, attorney for defendants, appellees.

ODOM, J. Plaintiff brought this suit to recover from the Police Jury of Bienville

Parish and the Louisiana Highway Commission the sum of $157.40, and, as a cause of action, alleges that the Police Jury and the Highway Commission built a public highway through his property and that the contractor employed to build said road went upon his land and caused him damage in the aforesaid amount, in this, that the fences around his land were torn down and destroyed and that he was forced, on that account, to build new fences and, in doing so, he used 545 posts which cost ten cents each, and to construct 343 rod of wire fence, at a cost of 30 cents per rod; his total outlay being $157.40.

On trial in the District Court plaintiff's demands against the Police Jury were rejected but he was given judgment against the Highway Commission for the full amount sued for, and the Highway Commission has appealed. Plaintiff also appealed from the judgment rejecting his demands against the Police Jury.

## OPINION

Section 27 of Act No. 95 of the extra session of 1921 provides that in all cases where it is necessary to acquire a right of way in the construction of a new highway or in changing the location of an old one, the right of way may be acquired either by purchase, donation or expropriation, and in cases where such rights of way are purchased or acquired by expropriation, the compensation therefor shall be paid from the general highway fund.

In this case the plaintiff land owner sold or donated a right of way seventy feet wide across his land for the building of the highway. The deed found in the record reads, in part, as follows:

"I, J. H. Allison, a resident of Bienville parish, Louisiana, have granted and conveyed to Bienville parish, Louisiana, a certain strip of land seventy feet wide as per survey for its use as a public highway * * * over and across the following described tract of land * * *. The consideration for which this sale and transfer is made is the building and maintaining by said parish of Bienville of a model gravel highway over said land."

There is no mention in the deed of any compensation to be paid the land owner for the destruction of any crops, fences or other improvements.

But the said act, Section 27, further provides that:

"In expropriating lands for right of way the measure of damage shall be the actual value of the land taken, taking into consideration all the facts and circumstances, location, present use, destination, improvements, etc."

This part of the act, of course, does not apply to the case at bar, because the right of way was not expropriated but was sold or donated.

Said act, same section, further provides that:

"If any *improvements* of the land owner or any *crops upon the land are damaged or destroyed by the location of such highway*, then such owner may recover additional compensation *for the actual injury or destruction of such improvements or crops*."

And it is under this provision of the act which plaintiff bases his claim for damages.

Giving plaintiff full benefit of this provision of the act, he is entitled to nothing, for the reason that he does not claim that any crops or improvements on the land were damaged or destroyed by the location of the road.

What happened was, that the Police Jury and the Highway Commission, after acquiring by purchase the right of way,

built a new road through plaintiff's field and, in order to enter the field, they cut through the fence; but he is not suing to recover the damage to the old fence but for the cost of erecting a new fence on either side of the highway after it was built. Here is what plaintiff says, as a witness:

"They cut the fence loose and went through the field."

And he was asked:

"Mr. Allison, for how long a distance did this road go across your land?"

And he said:

"Well, one field, I had two places at the time; it went across a forty. I had to build a fence on each side of the road; and another place, it went sixty or seventy yards across, and I had to build it on one side, the other field, it was over a quarter there, don't know just how much, but I had to build something over a mile of the fence."

In doing this, he was not building a new fence in the place of one taken or destroyed by defendants. He does not claim that defendants destroyed fences worth $157.40.

The act provides that if any of the improvements or crops of the land owner are "damaged or destroyed by the location of such highway, then such owner may recover additional compensation *for the actual injury or destruction of such improvements or crops*".

None of the plaintiff's improvements or crops were destroyed or damaged by the location of the road, unless we take into consideration the cutting of the old fence in order to enter the field, and he makes no claim for that.

If the right of way across plaintiff's property had been obtained through expropriation proceedings, the jury could have considered the cost of new fences to fence the right of way as an element of damage to be assessed along with other items of damage.

The act provides that in expropriating lands for rights of way—

"the measure of damages shall be the actual value of the land taken, taking into consideration all of the facts and circumstances, location, present use, destination, improvements, etc."

In such proceedings, where the highway goes through a field, and in order to use the field it becomes necessary for the land owner to build new fences, the jury might consider that the property was damaged, in addition to the actual value thereof, the additional amount of the cost of building new fences. If the future use of the land required new fences, the land itself would be less valuable without the fences and the jury could take that into consideration in assessing the damage to the land. We think the act contemplates that such an item should be considered in arriving at the measure of damage in expropriation proceedings.

But this is not an expropriation proceeding. Plaintiff sold or donated the right of way through his property as per a survey which had already been made, the consideration being that the defendants would build and maintain a gravel highway thereon. The building and maintaining of the highway being the consideration for the right of way, it must be assumed that plaintiff considered that the advantages resulting to him and his property from the building of the road would offset and compensate him for all damages resulting from the building of the road on his land. He knew when he granted the right of way that it ran through his field. He knew that he would have to build new fences. But he exacted no obligation from

the Police Jury to which the right of way was sold that it or anyone else build any fences, so that he looks to the statute for relief. But that gives him none, for it specifically provides that if any of the improvements or crops of the landowner are damaged or destroyed by the location of the highway, he may recover additional compensation *"for the actual injury or destruction of such improvements or crops"*.

The Police Jury and the Highway Commission employed the Lafayette Construction Company to build the road. Plaintiff was not a party to that contract, but counsel for plaintiff say there is in the contract a stipulation "pour autrui" in his favor.

The contract is in evidence, but we find no stipulation therein in favor of plaintiff.

It was held in Allen & Currey Mfg. Co. vs. Shreveport Waterworks Co., 113 La. 1091, 37 So. 980, that a stipulation in favor of third persons, not parties to a contract, need not be set forth in specific terms in order that the beneficiary may have an action upon it, but that such stipulation "pour autrui" may result from implication—

"that the question of stipulation 'pour autrui', vel non, is a question of what was the intention of the parties, and that that intention must be gathered, just as in the case of any other contract, from reading the contract, as a whole, in the light of the circumstances under which it was entered into."

There is nothing stipulated on the contract in express terms in favor of plaintiff and we find in the document nothing which indicates that it was intended that the contractor was to build any fences for plaintiff. Counsel point to the following as the stipulation in plaintiff's favor:

"Item 39. Approximate quantities: 2,796 lineal rods of new fence to be built, including the furnishing of all material, complete and in place, at one and no-100 dollars per cubic rod."

"4. New fence, listed under item No. 39, shall be built according to standard plan, and posts shall be either cypress, white oak or catalpa."

The contract provided for the building of a road 8.22 miles long. There is nothing to indicate that the new fence was to be built for plaintiff. It may be and probably is true that the Police Jury and the Highway Commission agreed to build fences for some of the land owners along this line from whom rights of way were procured. But plaintiff made no effort to show that any such agreement was entered into with him, and in the absence of such showing we cannot assume that the new fence referred to in the contract was to be built on his land.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be reversed and avoided and that plaintiff's demands be rejected and his suit dismissed at his cost.